GROSS, J.
On appeal, P.R.T., challenges the volun-tariness of his plea. P.R.T. pleaded guilty *709 to a misdemeanor charge of possession of marijuana, accepting as the consequence of his plea a probation sentence. Thereafter, the trial court entered an adjudication of delinquency and order of disposition sentencing P.R.T. to a level six commitment. The sentence was in opposition to both the recommendation of the Department of Juvenile Justice and the state, as well as in excess of the sentence negotiated in the plea agreement.
P.R.T. filed a motion to withdraw his plea, but later abandoned it. A defendant who pleaded guilty may directly appeal a violation of a plea agreement only if “preserved by a motion to withdraw plea.” Fla. R.App. P. 9.140(b)(2)(A)(ii)b. By abandoning the motion to withdraw plea in the trial court, P.R.T. has failed to preserve his claim for review. See State v. T.G., 800 So.2d 204, 210 (Fla.2001) (“[Jjuveniles pleading guilty ... may directly appeal an involuntary plea only if it is preserved by a motion to withdraw plea in the trial court.”).
This appeal is dismissed for lack of appellate jurisdiction.
STONE and MAY, JJ., concur.